**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-3026
_____

IN RE: ANGEL DAVID DELGADO,
                                                                    Petitioner

_____

On a Petition for Writ of Mandamus from the United States District Court
for the District of New Jersey
(Related to D.N.J. Civ. No. 3-24-cv-06225 & D.N.J. Bankruptcy No. 24-12420)
_____

Submitted Pursuant to Fed. R. App. P. 21
on December 5, 2024

Before: BIBAS, PORTER, and MONTGOMERY-REEVES, <u>Circuit Judges</u>

(Opinion filed: December 13, 2024)

_____

OPINION[*]

_____

PER CURIAM

   Angel David Delgado has filed a petition for writ of mandamus. Delgado's petition,

which spans more than 2,000 pages, is not a model of clarity. He has coupled that petition

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

with a 140-page motion for a stay/injunction. At bottom, Delgado seems to object to a sheriff's sale of real property that took place during Delgado's bankruptcy proceedings. For the following reasons, Delgado's requests for relief from this Court will be denied.

Delgado unsuccessfully sought to stay a sheriff's sale in the United States Bankruptcy Court for the District of New Jersey. Among the issues Delgado raised before that Court was that he preferred an Article III rather than an Article I court to decide his request to stop the sale. Delgado also raised issues similar to those who assert they are sovereign citizens.

Delgado appealed the Bankruptcy Court's order denying his motion to stay to the District Court. The District Court initially ordered him to file a statement of issues to comply with Federal Rule of Bankruptcy Procedure 8009. Delgado next corresponded with the District Court on August 22, 2024. On September 5, 2024, the District Court ordered Delgado to file an opening brief by October 7, 2024. Delgado then requested additional time to file his opening brief, which the District Court granted. Delgado's opening brief was then due by November 4, 2024.

However, on November 6, 2024, this Court received Delgado's petition for writ of mandamus along with his motion for a stay and an injunction. The District Court stayed his appeal pending a decision from this Court on his petition for writ of mandamus.

A writ of mandamus is a drastic remedy available only in extraordinary circumstances. *See In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Prods. Liab. Litig.*, 418 F.3d 372, 378 (3d Cir. 2005). A writ should not issue unless the petitioner has "no other adequate means to attain the relief" sought and he has shown that his right to the writ

2

is "clear and indisputable." *Id.* at 378–79 (quoting *Cheney v. U.S. Dist. Ct.*, 542 U.S. 367, 380–81 (2004)). Furthermore, and most relevant to this action, a petition for writ of mandamus is not a substitute for an appeal. *See Gillette v. Prosper*, 858 F.3d 833, 841 (3d Cir. 2017).

Delgado does not meet the requirements necessary to grant his petition for mandamus. In his sprawling papers, Delgado has shown neither a clear right to relief nor that he has "no other adequate means to attain . . . relief." *See Diet Drugs Prods. Liab. Litig.* 418 F.3d at 378–79. The District Court promptly set up a briefing schedule, then granted Delgado's request for additional time to file his opening brief.

The docket also reflects the District Court's responsiveness to Delgado's communications with that Court. Mandamus relief can be warranted when a court's "undue delay is tantamount to a failure to exercise jurisdiction." *Madden v. Myers*, 102 F.3d 74, 79 (3d Cir. 1996). This is not what has transpired with Delgado's case. Thus, for these reasons, his petition for writ of mandamus will be denied. His motion for a stay and injunction before this Court is also denied.